UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JS IP, LLC,
a Delaware limited liability company,

Plaintiff,

vs.

FONTAINEBLEAU MIAMI LLC,
a Florida limited liability company,
and MAURICE J. WILLIAMS, an individual,

Defendants.

**COMPLAINT**

Plaintiff, JS IP, LLC ("Plaintiff"), by and through undersigned counsel, hereby complains against Defendants, FONTAINEBLEAU MIAMI LLC ("FML") and MAURICE J. WILLIAMS ("Williams")(collectively "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act"), particularly 15 U.S.C. 1114 and 1125(a), for trademark infringement, false designation of origin, false description or representation, and related unfair competition. Plaintiff also asserts claims in accordance with common law rights, Fla. Stat. §495.161, for trademark infringement and unfair competition.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b).

3. Upon information and belief, jurisdiction is proper in that:

a. Defendants have operated, conducted, engaged in, or carried on a business venture in this state, and the Southern District of Florida, from which this action arises, within the meaning of Fla. Stat. §48.193(1)(a);

b. Defendants have committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(b); and/or

c. Defendants have engaged in substantial and not isolated activity within this state, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(f).

4. Venue is proper under 28 U.S.C. §1391(b) in that, upon information and belief, a substantial part of the events or omissions giving rise to the claim, including the "passing off" of the infringing services, occurred in the Southern District of Florida. Venue is also proper under 28 U.S.C. §1391(b) because, upon information and belief, a substantial part of property that is the subject of the action is situated in the Southern District of Florida.

**THE PARTIES**

5. Plaintiff is a limited liability company duly organized and existing under the laws of Delaware, with its principal place

of business at 19950 W. Country Club Drive, 10th Floor, Aventura Florida 33180.

6. Upon information and belief, Defendant FML is a limited liability company existing under the laws of Florida, with its principal place of business at 200 South Biscayne Boulevard, Suite 2790, Miami, Florida 33131.

7. Upon information and belief, Defendant Williams is an individual residing at 7928 East Drive, #1505, North Bay Village, Florida 33141.

**PLAINTIFF'S "FONTAINEBLEAU" TRADEMARK**

8. Plaintiff is the owner of the mark "FONTAINEBLEAU" in connection with hotel, restaurant, spa, and entertainment services, as well as a broad range of ancillary goods and services (the "FONTAINEBLEAU Mark").

9. Since the 1950s and long prior to the acts of Defendants complained of herein, Plaintiff and/or its related companies, affiliates, licensees, and predecessors have used the inherently distinctive "FONTAINEBLEAU" Mark for use in connection with hotel, restaurant, spa, and entertainment services, as well as a broad range of ancillary goods and services.

10. The Fontainebleau is one of the most historically and architecturally significant hotels on Miami Beach, Florida. Its iconic design is a spectacular blend of Miami's glamorous golden era and stylish modern luxury. The Fontainebleau has a rich history

shaped by the rapid expansion of the Miami area and its popularity with celebrities.

11. Plaintiff is also the owner of numerous United States trademark registrations (collectively the "FONTAINEBLEAU Registrations") for use in connection with a variety of goods and services, including without limitation:

| | | |
|---|---|---|
| 0,995,958* | FONTAINEBLEAU | Hotel services |
| 3,061,814* | FONTAINEBLEAU | Hotel services |
| 3,164,415* | FONTAINEBLEAU | Real estate management, leasing and listing services in the field of residential home and condominium projects, country clubs, and recreational facilities;<br><br>Real estate development and construction services, namely planning, laying out, and construction of residential home and condominium projects, country clubs, and recreational facilities |
| 3,801,194 | FONTAINEBLEAU | Postcards, posters, photographic prints, pens, letter openers, address books, calendars, photographic albums, paper napkins and coasters made of paper |
| 3,801,195 | FONTAINEBLEAU | Drinking glasses, mugs, steins, cups, shot glasses, plates, serving trays not of precious metal, cookie jars, water bottles sold empty, insulated sleeve holders for beverage cans, thermal |

| | | |
|---|---|---|
| | | insulated containers for beverages, vases, bottle openers, cork screws, decorative boxes of crystal, earthenware, and glass, hair brushes, hair combs and non-metal coin banks |
| 3,633,197 | FONTAINEBLEAU | Beauty salon services; health spa services, namely, cosmetic body care services |
| 4,560,528 | FONTAINEBLEAU | Soaps for personal use; bath soaps; skin soaps; toilet soaps; skin lotions for body, hands and face; skin creams for body, hands and face; skin moisturizer for body, hands and face; skin cleansers for body, hands and face; bath and shower gels; bath oils; bath salts; essential oils for use in aromatherapy; suntan lotions and sun screens |
| 4,556,154 | FONTAINEBLEAU | Tote bags, duffel bags, beach bags, backpacks, wash bags for carrying toiletries, purses, handbags, coin purses and umbrellas |
| 4,119,072 | FONTAINEBLEAU | Wearing apparel, namely, shirts, t-shirts, hats, caps, visors, sweatshirts, beach sandals |
| 4,321,353 | FONTAINEBLEAU | Playing cards, gaming equipment, namely, poker chips; games and toys, namely, toy banks, plush animals |
| 4,511,008 | FONTAINEBLEAU | Entertainment services in the nature of live performances by singers, comedians, dancers, and musical groups; providing health club services, namely, providing instruction and equipment |

| | | |
|---|---|---|
| | | for physical exercise; providing facilities for golf, tennis, and recreation activities and swimming |
| 4,614,034 | FONTAINEBLEAU | Retail store services featuring general merchandise |
| 4,032,379 | FONTAINEBLEAU | Wedding chapel services |
| 4,195,065 | FONTAINEBLEAU | Pencils, paperweights, stationery;<br>Coasters, not of paper and not being of table linen |
| 4,392,681 | FONTAINEBLEAU (Stylized) | Souvenir products, namely, coasters made of paper, paperweights, and greeting cards;<br>Bags, namely, flights bags and tote bags;<br>Mugs; beverage glassware |
| 4,075,408 | FONTAINEBLEAU | Beach towels |
| 4,758,869 | FONTAINEBLEAU | Hotel, bar, and restaurant services |

See Composite Exhibit A hereto.

12. The Registrations denoted with an asterisk in the chart above are now incontestable in accordance with §§ 15 and 33(b) of the Lanham Act, 15 U.S.C. §§ 1065 and 1115(b).

13. Since long prior to the acts of Defendants complained of herein, Plaintiff and/or its related companies, affiliates, licensees, and predecessors has expended much money, time, and effort in advertising, promoting, and marketing the goods and services offered under the "FONTAINEBLEAU" Mark.

14. As a result, "FONTAINEBLEAU" is globally recognized as one of the premier brands in the hotel and travel industry.

15. Since long prior to the acts of Defendants complained of herein, the "FONTAINEBLEAU" Mark has been readily recognizable by the public as associated exclusively with Plaintiff and/or Plaintiff's related companies, affiliates, licensees, and predecessors and has achieved a secondary meaning to the consuming public.

16. Additionally, since long prior to the acts of Defendants complained of herein, the "FONTAINEBLEAU" Mark has become famous and widely recognized by the general consuming public.

17. Plaintiff's "FONTAINEBLEAU" Mark has been in continuous use in U.S. commerce since its adoption and first use in U.S. commerce.

**DEFENDANTS' INFRINGING ACTIVITY**

18. Long subsequent to Plaintiff's and/or Plaintiff's related companies, affiliates, licensees, and predecessors adoption and use of the "FONTAINEBLEAU" Mark in commerce, Defendants, upon information and belief, began offering competing services using the name and mark "FONTAINEBLEAU" and "FONTAINEBLEAU MIAMI LLC" in connection with vacation rental services (the "Infringing Mark").

19. Specifically, Defendants have utilized the Infringing Mark in connection with providing vacation rental services at the

Fontainebleau Hotel in Miami Beach, Florida and entering into booking contracts with consumers. Furthermore, the "FONTAINEBLEAU" Mark conspicuously appears several times across the top of the Defendants' rental contracts and is included in Defendants' email address.

20. Defendants' conduct has led to actual consumer confusion among hotel guests that booked rooms with Defendants with the mistaken belief that they were booking a room directly with the Fontainebleau Hotel.

21. Upon information and belief, Defendants have enjoyed and continue to enjoy financial gain and profit from the sale and marketing of the services that utilize the Infringing Mark.

22. Defendants were well aware and, since long prior to the acts of Defendants complained of herein, have been well aware of Plaintiff's use and ownership of the "FONTAINEBLEAU" Mark.

23. Defendants have been well aware that Plaintiff's "FONTAINEBLEAU" Mark is widely recognized and relied upon by the public and the trade as identifying Plaintiff and the Fontainebleau Hotel.

24. Notwithstanding that knowledge, and indeed by reason of such knowledge, Defendants thereafter engaged in, and it is believed will continue to engage in, a deliberate and willful

scheme to trade upon and to misappropriate for themselves the goodwill represented and symbolized by the Plaintiff's "FONTAINEBLEAU" Mark through the marketing and offering of competing services bearing the Infringing Mark in U.S. commerce.

25. The acts of Defendants complained of herein constitute willful and intentional infringement, are in total disregard of Plaintiff's rights, and were commenced and it is believed will continue in spite of Defendants' knowledge that their use of the Infringing Mark is in direct contravention of Plaintiff's rights.

26. Defendants' aforesaid use of the Infringing Mark is designed and is calculated to and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendants' services and to cause them to falsely believe that said services are the services of Plaintiff, or are sponsored, licensed, authorized by, or approved by Plaintiff, all to the detriment of Plaintiff and the public.

27. The use by Defendants of the Infringing Mark is without the consent, license, or permission of Plaintiff.

28. Plaintiff has been damaged by Defendants' acts of infringement.

29. Defendants' aforesaid acts have caused and will continue

to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

30. Plaintiff has no adequate remedy at law.

31. Prior to filing the instant lawsuit, Plaintiff sent several letters via certified mail to Defendants providing them with an opportunity to cease and desist using the Infringing Mark in an effort to amicably resolve the dispute and to avoid the inevitable consumer confusion resulting from Defendants' use of the Infringing Mark. See Composite Exhibit B hereto. However, Defendants have ignored all such attempts.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT OF**
**U.S. REGISTRATION NOS. 0,995,958 AND 3,061,814**
**[15 U.S.C. § 1114(1)]**

32. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 31 as if fully set forth herein.

33. With full knowledge and awareness of Plaintiff's ownership and prior use of the "FONTAINEBLEAU" Mark and Registrations, Defendants have willfully used, are using, and will continue to use the Infringing Marks on identical or highly related services for which Plaintiff's "FONTAINEBLEAU" Registrations issued, in a manner that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

34. Defendants' acts constitute infringement, use of a

confusingly similar mark, and use of a spurious mark which is identical with, or substantially indistinguishable from, Plaintiff's "FONTAINEBLEAU" Mark and Registrations, in violation of and pursuant to 15 U.S.C. §1114.

35. Defendants' acts have harmed Plaintiff's reputation, damaged Plaintiff's goodwill, and upon information and belief, have and will continue to divert sales from Plaintiff.

36. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

37. Plaintiff has no adequate remedy at law.

**COUNT II**
**FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION**
**AND FALSE DESIGNATION OF ORIGIN AS TO MARKS, 15 U.S.C. §1125(a)**

38. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 31 as if fully set forth herein.

39. Defendants' intentional and unlawful use in commerce of the Infringing Mark constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false representation that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation,

connection, or association of Defendants with Plaintiff, or as to origin, sponsorship or approval of Defendants' services or commercial activities by Plaintiff, or to cause reverse confusion thereof.

40. Defendants' aforesaid acts and use of the Infringing Mark constitute unfair competition and false designation and/or false description of origin in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

41. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

42. Plaintiff has no adequate remedy at law.

**COUNT III - UNFAIR COMPETITION/**
**COMMON LAW TRADEMARK INFRINGEMENT**

43. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 31, as if fully set forth herein.

44. Defendants' aforesaid acts constitute infringement, misappropriation, unfair competition, trademark infringement, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendants, all in violation of Plaintiff's rights at common law and under the law of the State of Florida in accordance with Fla. Stat. §495.161.

45. Defendants' acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

46. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

47. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays:

A. That this Court will adjudge that the Plaintiff's "FONTAINEBLEAU" Mark has been infringed as a direct and proximate result of the willful acts of Defendants as set forth in this Complaint, including Defendants' use of the Infringing Mark in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq.

B. That this Court will adjudge that Defendants have competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

C. That Defendants, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be

permanently enjoined and restrained:

1) From using the "FONTAINEBLEAU" Mark, Infringing Mark, or any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods or services;

2) From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized services of Defendants, or of any third parties, are sponsored by, authorized by, or in any way associated with Plaintiff and/or that the goods and services of Plaintiff are inferior to, copies of, infringing of or imitations of the services of Defendants, or that Defendants' goods and services are the first or original such services;

3) From infringing the "FONTAINEBLEAU" Mark;

4) From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendants and Plaintiff, or their

respective goods and services;

5) From falsely representing themselves or their affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade and/or members of the purchasing public to believe that Defendants or their affiliates are associated with Plaintiff and/or that Plaintiff is associated with Defendants;

D. That Defendants be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers, inventory, advertisements, internet advertising and other written or printed material in the possession or control of Defendants, or third party advertisers of Defendants' good and services which bear claims found by this Court to be false and/or misleading in violation of 15 U.S.C. §1125(a)(1)(B).

E. That Plaintiff recover Defendants' profits and the damages of Plaintiff arising from Defendants' acts of trademark infringement and unfair competition, and that the Court, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, enter judgment, and that said sums be trebled as authorized pursuant to 15 U.S.C. §1117(b).

F. That Plaintiff recover such sums as are necessary to

place or compensate for corrective advertising.

G. That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

H. That Plaintiff be entitled to injunctive relief as set forth in §34 of the Lanham Act, and that Plaintiff have and recover the remedies set forth in §§35(a) and 36 of the Lanham Act, 15 USC §§1117(a) and 1118.

I. That Plaintiff have and recover its reasonable attorney's fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117 and as otherwise authorized.

J. That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

K. That Plaintiff have and recover such further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

Dated: March 7, 2016

Respectfully submitted,

s/Meredith Frank Mendez
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Meredith Frank Mendez
Florida Bar No. 502,235
mmendez@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000
Facsimile (305) 858-0008

*Attorneys for Plaintiff,*
*JS IP, LLC*