UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-cv-20824-UU

JS IP, LLC,
a Delaware limited liability company,

        Plaintiff,

vs.

FONTAINEBLEAU MIAMI LLC,
a Florida limited liability company,
and MAURICE J. WILLIAMS, an individual,

        Defendants.

## AFFIDAVIT OF COMPLIANCE

Before me this day personally appeared Francisco J. Ferreiro, Esq., who, being first duly sworn, states the following:

1. Affiant is one of Plaintiffs' attorneys in this case. This affidavit is based on Affiant's personal knowledge.

2. Plaintiff commenced this action on March 7, 2016 against Defendant Fontainebleau Miami, LLC ("Defendant FML") and Defendant Maurice J. Williams. [Doc. 1] As set forth in Plaintiff's Complaint, Defendant FML is an active limited liability company existing under the laws of Florida and has a principal place of business at 200 South Biscayne Boulevard, Suite 2790, Miami, Florida 33131. [Id., ¶7]  Defendant Williams, who is Defendant FML's sole officer and registered agent, is an individual residing (or whom formally resided) at 7928 East Drive, #1505, North Bay Village, Florida 33141. [Id., ¶¶6-7]. A search of corporate records on the Florida Department of State's website, www.sunbiz.org, reveals no other addresses for Defendant FML.

3. On March 9, 2016, Plaintiff's process server attempted to serve Defendant Williams at the address listed with the Florida Department of State, namely, 7928 East Drive, Unit # 1505, North Bay Village, Florida; however, the unit was unoccupied. [DE 11-1, Ex. A, Return of Service]. Thereafter, the process server attempted service at the principal address of Defendant Fontainebleau Miami LLC, 200 S. Biscayne Boulevard, Suite 2790, Miami, FL, which is a private mail box facility that Williams no longer utilizes. [DE 11-2, Ex. B, Affidavit of Non-Service].

4. After being unable to effectuate service at either of the addresses listed with the Florida Department of State, Plaintiff exercised due diligence in attempting to discover the address of Defendants. Plaintiff's process server performed a skip trace that yielded an address for Defendant Williams in North Carolina. *Id.* However, service was unable to be effectuated at that address either.

5. Plaintiff's inability to serve Defendant Williams despite this search and inquiry provides a sufficient basis for ascertaining that he is concealing his whereabouts. Moreover, Plaintiff was unable to serve Defendant FML's sole officer and registered agent – namely, Mr. Williams – at any of the addresses disclosed pursuant to Fla. Stat. §48.091. Accordingly, on April 14, 2016, Plaintiff moved this Court for an order directing the Clerk of the Court to immediately issue alias summonses permitting Plaintiff to effectuate substitute service, pursuant to Fla. Stat. §§ 48,161, 48.181, on Defendants c/o the Florida Secretary of State, P.O. Box 6327, Tallahassee, Florida 32314. [DE 12]. On April 18, 2016, the alias summonses were issued. [DE 20].

6. On April 19th, the Secretary of State for the State of Florida accepted service on behalf of Defendant FML and Defendant Williams after being served with alias summonses and copies of the complaint by Plaintiff's process server. [DE 22-1]. A copy of the notice of service and

the process served on the Florida Secretary of State, including the complaint, were sent to Defendants via registered mail at each of the following addresses:

>Fontainebleau Miami, LLC
>200 South Biscayne Boulevard,
>Suite 2790,
>Miami, Florida 33131
>
>Fontainebleau Miami, LLC, c/o Maurice J. Williams
>7928 East Drive, #1505,
>North Bay Village, Florida 33141.
>
>Maurice J. Williams
>173 Jacobs Woods Cir.
>Troutman, NC 28166

7. On May 9, 2016, Plaintiff filed a copy of a Return Receipt indicating that the copies of notice of service and process sent via certified mail to Defendant FML at 200 South Biscayne Boulevard, Suite 2790, Miami, Florida 33131 were unable to be delivered. [DE 31].

8. As of today, neither Affiant, nor anyone in Affiant's office, has received Return Receipts for the certified mailings that were sent to the remaining two addresses. Nevertheless, Affiant's effort to track these mailings on <USPS.com> reveals that the documents sent by certified mail to Defendant FML, c/o Maurice J. Williams, at 7928 East Drive, #1505, North Bay Village, Florida 33141 were unable to be delivered and that the certified mailing sent to Defendant Williams at 173 Jacobs Woods Cir., Troutman, NC 28166 is "available for pickup." A copy of the documents obtained from USPS.com showing the status of these certified mailings were filed with this Court earlier today. [DE 32 and DE 33].

9. The undersigned makes this Affidavit pursuant to Fla. Stat. §§ 48,161, 48.181.

3

**FURTHER, AFFIANT SAYETH NAUGHT.**

_____
Francisco J. Ferreiro

STATE OF FLORIDA           )
                                              ) ss:
COUNTY OF MIAMI-DADE )

SWORN TO AND SUBSCRIBED before me this 9th day of May 2016, by Francisco J. Ferreiro, ✓ who is personally known to me OR ___ who produced identification of _____.

(Seal)

MARITZA CABELLO
MY COMMISSION # FF 062580
EXPIRES: November 1, 2017
Bonded Thru Notary Public Underwriters

_Maritza Cabello_
Notary Public (Signature)
_Maritza Cabello_
Name of Notary (printed)

My Commission Expires: 11-1-17

4